UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA BETHKE,

              Plaintiff,                            Case Number 14-13694
                                                     Honorable David M. Lawson
v.                                            Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on September 24, 2014 seeking review of the Commissioner's decision denying the plaintiff's claims for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge David R. Grand under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Grand filed a report on January 22, 2016 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant filed a response to the objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the Court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 50 years old, filed her applications for disability insurance and supplemental security income benefits on June 8 and 12, 2012, when she was 46. The plaintiff completed high school and worked as a home care attendant until 2011. The plaintiff asserts that she stopped working due to anxiety, depression, panic attacks, and difficulty following directions,

-2-

completing tasks, and relating to co-workers and supervisors due to her mental condition.  In the original applications that are the subject of the present appeal, the plaintiff alleged a disability onset date of January 1, 2005.  She later amended the disability onset date to January 1, 2011.  The plaintiff has been diagnosed with seizure disorder, migraine headaches, anxiety disorder, affective disorder, personality disorder, and substance abuse.

The plaintiff's applications for disability and SSI benefits were denied initially on August 20, 2012.  The plaintiff timely filed a request for an administrative hearing, and on April 15, 2013, the plaintiff appeared before Administrative Law Judge (ALJ) JoErin O'Leary.  On May 31, 2013, ALJ O'Leary issued a written decision in which she found that the plaintiff was not disabled.  On July 30, 2014, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed her complaint seeking judicial review on September 24, 2014.

ALJ O'Leary reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520.  She found that the plaintiff had not engaged in substantial gainful activity since January 1, 2011 (step one); the plaintiff suffered from seizure disorder, migraine headaches, anxiety disorder, affective disorder, personality disorder, and substance abuse, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform her previous work as a home care attendant, which exceeded her current functional capacity (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, with the nonexertional limitations that she could not perform any overhead reaching, climb ladders or scaffolds, or be exposed to

-3-

unprotected heights or dangerous moving mechanical parts.  The ALJ also found that the plaintiff's work must be limited to simple, routine, repetitive tasks with no production-rate pace work, and that she could make only simple work-related decisions with few changes in her routine work setting and no contact with the general public. A vocational expert testified that the plaintiff could perform unskilled jobs such as packager (7,200 jobs in the State of Michigan), machine feeder (15,500 jobs statewide), and assembler (14,000 jobs).  Based on those findings and using Medical Vocational Rule 204.00 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

As noted earlier, the magistrate judge concluded that substantial evidence supported the ALJ's determination of the plaintiff's capacity to work.  In reaching that conclusion, the magistrate judge rejected the three arguments the plaintiff made in her motion for summary judgment, namely, that (1) the ALJ failed to give appropriate weight to the opinions of the plaintiff's nurse practitioner and limited licensed psychologist; (2) the ALJ gave too much weight to the opinion of the state agency psychiatrist; and (3) the ALJ improperly determined the plaintiff's RFC when she failed to account for the limitations caused by the plaintiff's migraine headaches, because the ALJ discounted the plaintiff's subjective description of her symptoms.

In her first objection, the plaintiff contends that the magistrate judge erred by concluding that substantial evidence in the record supported the ALJ's decision to give little weight to the opinion of Nurse Practitioner Kay McLaren.  The plaintiff argues that the ALJ improperly disregarded McLaren's opinion because it was not from an "acceptable medical source," but SSR 06-03p requires that the ALJ consider and evaluate the weight of all medical evidence in the record, even for items not derived from an acceptable source.  The plaintiff argues that the ALJ also erred by

-4-

giving little weight to the opinion because McLaren provided the plaintiff with only a "limited course of treatment." The plaintiff points out, however, that McLaren specifically based the findings in her opinion on the plaintiff's "long history of bipolar illness with manic episodes and severe depression with suicide ideation," specifically noting that the plaintiff had sought treatment more than six years prior, and that she had been on numerous medications that had not helped her.

The defendant responds that the magistrate judge did not err in finding that McLaren's opinion was due little weight, and, moreover, the ALJ and the magistrate judge did not disregard the report, but merely found that it was not entitled to the "controlling weight" that ordinarily would be assigned to a treating source, because McLaren was not an "acceptable medical source." The defendant also argues that the decision to disregard McLaren's testimony was supported by the record, because the limited treatment that McLaren prescribed for the plaintiff was not consistent with the severity of the impairments described in her opinion.

The plaintiff's objection merely reiterates the arguments she made in her summary judgment motion. The magistrate judge thoroughly discussed the issue and determined correctly that the ALJ gave appropriate weight to McLaren's opinions and furnished good reasons for discounting it. The Court agrees with the magistrate judge's discussion, reasoning, and application of the governing law, and adopts his opinion as its own. The plaintiff's first objection will be overruled.

In her second objection, the plaintiff contends that the magistrate judge erred by finding that the ALJ properly disregarded a Global Assessment of Functioning (GAF) score of 40 determined by limited licensed psychologist Deanna Hodgen, M.A. The plaintiff argues that the conclusion that the GAF was not supported by any factual basis was wrong because it was supported by Hodgen's "entire psychosocial assessment." She argues, moreover, that the magistrate judge erred by finding

-5-

that Hodgen was not an "acceptable medical source" and that her opinion was not entitled to the controlling weight normally accorded to a treating source. The plaintiff contends that, under SSR 06-03p, Hodgen is an acceptable medical source because, as a "limited licensed psychologist" licensed under state law, she qualifies as a "licensed psychologist."

The defendant responds that the plaintiff's position overlooks the fact that the magistrate judgment did not simply conclude that there was no evidence to sustain Hodgen's determination of the GAF score, but he also reviewed specific evidence in the record that was inconsistent with a GAF of 40 and properly found, therefore, that substantial evidence supported the finding that Hodgen's opinion was entitled to little weight. The defendant further argues that the district courts of this district previously have addressed whether a "limited licensed psychologist" permitted to practice under Michigan state law qualifies as a "licensed psychologist" as contemplated by SSR 06-03p, and they have concluded in every instance that such a person does not meet the definition of an "acceptable medical source" under the applicable regulations. *Madajski v. Comm'r of Soc. Sec.*, No. 12-10656, 2013 WL 1211904, at *1 n.1; *Thatcher v. Comm'r of Soc. Sec.*, No. 12-10288, 2013 WL 1316987, at *4 (E.D. Mich. Mar. 29, 2013); *Hogston v. Comm'r of Soc. Sec.*, No. 12-12626, 2013 WL 5423781, at *10 (E.D. Mich. Sept. 26, 2013).

The regulations prescribe the types of sources that a claimant can offer to establish an impairment, categorizing them as "acceptable medical sources" and "other sources" that are not "acceptable medical sources." 20 C.F.R. § 404.1513. There are five defined "acceptable medical sources": (1) doctors, (2) psychologists, (3) optometrists, and (4) podiatrists, and (5) qualified speech-language pathologists. *Id.* at § 1513(a)(1)-(5). A psychologist is defined as follows:

> Licensed or certified psychologists. Included are school psychologists, or other licensed or certified individuals with other titles who perform the same function as

a school psychologist in a school setting, for purposes of establishing intellectual disability, learning disabilities, and borderline intellectual functioning only;

20 C.F.R. § 404.1513(a)(2).  The regulation does not include a "limited licensed psychologist" within the definition of an "acceptable medical source."  But as the magistrate judge explained, that does not mean that such providers' opinions are disregarded entirely.  Instead, the ALJ may also review evidence from "other sources to show the severity" of a claimant's impairments, such as additional medical sources, listing as examples "nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists."  *Id.* at § 1513(d)(1).

The Court agrees with the magistrate judge's determination that the ALJ gave appropriate weight to the opinions of Deanna Hodgen.  Her opinions were not entitled to controlling weight, and the ALJ's reasons for discounting them were sufficient.  The Court also agrees that the evidence of the plaintiff's GAF score was appropriately discounted for the reasons discussed by the magistrate judge.

The administrative record contains evidence that could support both the determination of the ALJ and the plaintiff's position, depending on which medical sources are accepted as credible.  That determination initially is consigned to the ALJ.  When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citation omitted)).  "The substantial evidence

-7-

standard is less exacting than the preponderance of evidence standard." *Ibid.* (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

The thrust of the plaintiff's arguments is that the ALJ failed to honor the Social Security regulations and rulings when making her choices on what evidence to accept and how much weight to give it. As the magistrate judge explained, however, those choices were well within the legal framework that the regulations prescribe. As is often said, in such cases "there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted). The ALJ's determination in this case fits comfortably within that zone.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #21] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #22] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #16] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #19] is

-8-

**GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 31, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI